## CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed February 26, 1891.

### J. WESLEY GUEST, TRUSTEE, VS.
### THE HOME FOR THE INCURABLES OF BALTIMORE CITY ET AL.

PHELPS, J.—

The case of J. Wesley Guest, trustee, against the Home for Incurables and others came up for hearing before Judge Phelps in the Circuit Court No. 2 yesterday. Mary Hewlett entered the Home for Incurables on the 23rd of July, 1887, upon payment of an entrance fee of $100 and the execution by her of an assignment of such property as she then owned, and an agreement to assign any other property that she might thereafter receive, if the Home should so request it; no other writing was executed. She died in December of the same year. In 1877, her father, James W. Hewlett, took out a policy of insurance on his life for $2,407, payable after his death to J. Wesley Guest, trustee, for three of his daughters, including Mary Hewlett. Mr. Hewlett did not die until two years after the death of his daughter, Mary, and the question presented was, who became entitled to Mary's share of the policy? The Home for Incurables, the administrators of James W. Hewlett, or the administrators of Mary Hewlett; Mr. Guest, as trustee, asked the Court to decide this question. Judge Phelps held that the fund passed to the Home for Incurables under the assignment.

## ORPHANS' COURT OF BALTIMORE CITY

Filed February 28, 1891.

### IN THE MATTER OF THE ESTATE OF WILLIAM LIVINGSTON.

*Marbury & Bowdoin* for caveator.

LINDSAY, GANS and EDWARDS, JJ.—

This matter comes before the Court by caveat to the will and codicil of said Wm. Livingston by Wm. A. and Charles Henry Livingston, sons alleging unsoundness of mind and ignorance of content of said will and codicil of said testator.

A subsequent will of this testator was taken on issues to the law Court, where it was tried before a jury, and was set aside.

A part of the evidence produced in the law Court was reproduced in this Court touching the incapacity of the testator to make a will—a portion of it being read from notes of stenographer, and another portion repeated by witnesses who testified in that case.

This will not having been received to probate placed no obligations upon the named executor to defend it; but this Court brought out so much of the testimony on the side of the defense as was deemed necessary to put the whole case fairly before the judicial mind.

Having considered all the facts in the case, in connection with the law which sacredly guards the rights of persons to dispose of their property by last will and testament. The Court cannot see that such a degree of incapacity has been established as would justify it to set this will and codicil aside.

Wherefore, it is this 28th day of February, 1891, ordered by the Orphans' Court of Baltimore City that the will be sustained, and the caveat thereto dismissed with costs.